UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D.G. SWEIGERT,<br><br>                              Plaintiff,<br><br>         -against-<br><br>U.S. NATIONAL INSTITUTE OF HEALTH;<br>LAWRENCE A. TABAK,<br><br>                              Defendants. | 23-CV-9542 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in South Dakota, proceeds *pro se* in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. He seeks records allegedly in the possession of the U.S. National Institute of Health ("NIH"), located in Bethesda, Maryland. Named as Defendants are NIH and Lawrence Tabak, NIH Acting Director. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Columbia.

## DISCUSSION

Plaintiff seeks records from NIH and NIH Acting Director, Defendant Tabak.[1] FOIA includes a venue provision, which states:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the

---

[1] Individual federal officers are not proper defendants in a FOIA action. *See Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 546 (2d Cir. 2016) ("[T]he FOIA applies only to federal agencies."); *see also* 5 U.S.C.§ 552(a)(4)(B) ("On complaint, the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.").

agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B).

Plaintiff alleges that venue is proper in this District because "venue is premised on the place of business of the field[ ] offices of N.I.H. in this district and is proper in this district under 5 U.S.C. § 552(a)(4)(B)." (ECF 1, at 3.) As noted above, however, Section 552(a)(4)(B) considers the place of business of "the complainant," not the agency. Thus, Plaintiff's assertion that this District is a proper venue for his FOIA action is not supported by FOIA's venue provision because Plaintiff does not reside in this District and the agency records are not situated here. Thus, this Court does not have jurisdiction under Section 552(a)(4)(B) to enjoin NIH from withholding records or ordering it to produce records.

Rather, the complaint indicates that the District of South Dakota, where Plaintiff resides, would have jurisdiction to enjoin the NIH from withholding records or ordering it to produce records. The complaint also suggests that the District of Maryland, the district where NIH is located, might have jurisdiction to enjoin or order the NIH to refrain from withholding records and produce them. The Court concludes, however, that the District of Columbia is the proper venue for this action because it is unclear if the records Plaintiff seeks are situated in the District of Maryland.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In the interest of justice, the Court transfers this action to the United States District Court for the District of Columbia, 28 U.S.C. § 1406(a).[2]

---

[2] Plaintiff states in his complaint that this action is related to a consolidated action pending in this court, *Sweigert v. Goodman*, Nos. 23-CV-5875, 23-CV-6881 (S.D.N.Y., actions consolidated on Oct. 25, 2023) ("*Sweigert I*"). Plaintiff alleges that he seeks records from NIH

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Columbia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  November 7, 2023
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

for the purposes of litigating his claims asserted in *Sweigert I*. The Court, having determined that this District is not a proper venue for his FOIA claims, does not address whether the actions are related under Rule 13 of the Division of Business Among District Judges.